Carpenter vs. Mann et al.

sent it to the defendant as the indorser next immediately preceding them. We have already seen that the rule of diligence as to them is the same as in the case of the holder.

---

CARPENTER vs. MANN and others.

A private individual cannot maintain an action in his own name to recover damages for an obstruction to a highway and to restrain a continuance of the nuisance, where he does not aver or prove special damages to himself from such obstruction.

APPEAL from the Circuit Court for *Rock* County.

This action was for maintaining obstructions upon an alleged highway, and the complaint, without averring special damages to the defendant, demanded damages and an injunction. The answer denied that the land on which the alleged obstructions were placed was a highway. The referee to whom the cause was referred for trial, reported that said land was a highway; that the defendant had obstructed it as alleged in the complaint, and that the plaintiffs were entitled to nominal damages and an injunction. The defendants excepted to the report on the ground that the evidence did not show the land in question to be a highway; but the report was confirmed, and judgment rendered accordingly.

*R. H. Mills* and *S. J. Todd*, for appellants :

If the land alleged to be a highway is such in fact, the obstruction by the defendants is a public nuisance, and the plaintiff cannot maintain this action unless he has suffered or is likely to suffer an injury "quite distinct from the public in general." 2 Story's Eq. Jur., §§ 923, 924; Angell on Highways, secs. 283, 284, and note 2; 2 Johns. Ch., 371; 6 id.,

439; 1 Sandf. Ch., 1; 7 Cow., 609; 8 id., 146; 5 Denio, 213; 7 Abbott's Pr. R., 108; 19 Pick., 147; 2 Wis., 384; 4 id., 454. 2. An action to restrain and prevent a public nuisance is not provided for by our statutes. Such an action must therefore be governed by the general principles regulating equity cases of this character, and must be brought in the name of the state or of the attorney general. Angell on Highways, section 280 et seq., and cases there cited.

*J. C. Converse*, for respondent, contended that it followed from the opinion in *Gardner vs. Tisdale*, 2 Wis., 153, that any member of the public might maintain an action for the obstruction of a highway. Counsel also cited 4 Paige, 510; 6 id., 133; 6 Peters, 431; *Attorney General and others vs. Blount*, 4 Hawks, 384. He also contended that if the action was not properly brought in the name of the plaintiff, it was too late to take that objection for the first time before this court.

Other points made by the respective counsel, which related, to questions not passed upon by the court, are omitted.

*By the Court*, DIXON, C. J. It seems so clear to us that the judgment below must be reversed for the reason stated in the first point of the defendant's brief, that we deem it unadvisable to express an opinion upon any of the others. It was neither averred nor proved that the plaintiff had sustained or was likely to sustain any private or special injury in consequence of the alleged obstruction of the highway. The injury complained of was common to the public at large; and if this action can be maintained, then every inhabitant can have his suit. Such is not the law, and the judgment must therefore be reversed and the cause remanded with directions that it be dismissed.

Ordered accordingly.