GREENE VS. NUNNEMACHER and others.

NUISANCE: PRIVATE ACTION: RIPARIAN RIGHTS: PLEADING: JOINDER. (1, 2, 5) *When private action for nuisance will lie. Injury to riparian rights.* (3, 4) *What constitutes riparian proprietor. Pleading.* (6–9) *Parties defendant; who liable for nuisance. Several liability. Misjoinder.*

1. An individual cannot maintain a private action for a *common* nuisance, except in case of *special* damage to himself; but he may recover actual damages peculiar to himself.

2. A proprietor of land has a right to enjoy the use of the waters of a river which flows upon his land, for his cattle and for domestic purposes, without having their purity destroyed by the discharge of slops, manure and other offensive and deleterious substances, from a distillery, cattle stables or hog yard maintained by an upper proprietor on the same stream; and a violation of this riparian right may be such ground of special damage as will entitle him to maintain a private action, as for a nuisance, against such upper proprietor.

3. The description of plaintiff's premises by metes and bounds, given in the complaint, shows that the whole western boundary thereof is the " right bank " of a river flowing in a northerly direction at that place. *Held*, that such a boundary would not give him the rights of a riparian proprietor.

4. But the complaint further alleges that said river flows " partly around and *partly through* " plaintiff's said land. *Held*, that this averment, taken as true, shows that plaintiff is a riparian proprietor on such river.

5. The complaint further avers, in substance, that by reason of the unwholesome condition of the atmosphere around plaintiff's premises, caused by the nuisance complained of, plaintiff has been and is deprived of a great many customers and much patronage in his business as a tavern or saloon keeper; that his profits have thus been diminished at least five thousand dollars a year; and that he and his

Greene vs. Nunnemacher and others.

family have been greatly injured in health, and subjected to frequent illness from the same cause. *Held*, on demurrer, that these averments show special and peculiar injury for which plaintiff may maintain an action.

6. The person who erected and maintained, and still maintains, the alleged nuisance, is liable to an action therefor.

7. *It seems*, also, that one who held and operated for a term the distillery and connected establishments constituting the alleged nuisance, would be liable for damages accruing during his term, but *not* for any damages sustained either *before* or *after* such term.

8. This action is against the owner of the premises, by whom the distillery was erected, and by whom it was run for a time, and several persons who severally held and ran the distillery, etc., as tenants at different periods, under distinct leases; and plaintiff asks judgment for an abatement of the nuisance, and damages for the whole period of its maintenance. *Held*, that there is a *misjoinder* of causes of action.

9. A mere averment "that notwithstanding the said distillery has at different times been run and operated in the name of one or the other of said defendants, it has nevertheless been run and conducted for the benefit and profit of all of said defendants," is not sufficient to show a joint liability.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, 1. That the plaintiff is the owner in fee simple, and in possession, of certain premises in the county of Milwaukee, described as bounded upon one side by a line "running along the bank" of the Kinnickinnic River; that said plaintiff is and has been for several years in the actual possession and occupancy of said premises, using the same as a homestead for agricultural and pasturing purposes, and keeping in connection therewith, on the same, a public inn or saloon, upon the proceeds of which, together with the products of said land, he is wholly dependent for the support of himself and family; that "adjoining to and partly intersecting the aforesaid premises, there is a certain creek or river, commonly called Kinnickinnic River, passing partly around and partly through said lands," and intersecting a certain highway near the plaintiff's dwelling and tavern, at which place it is much broader and deeper than elsewhere, and forms a large circle, thus less-

ening and impeding the flow of the water at that point; and that prior to the grievances complained of, the water of the river, above, below and adjoining the premises of the plaintiff, was perfectly pure, fresh and drinkable, and of great value to said plaintiff in the enjoyment of his said premises. 2. That the defendant *Jacob Nunnemacher* is the owner in fèe simple, and in actual possession, of a very large tract of land lying about a mile and a half above the premises of the plaintiff, upon and partly intersected by said stream, and that he has erected thereon, upon the borders of the stream, a large distillery, and, in connection with it, extensive cattle and hog yards. The complaint then goes on to state the character of the alleged nuisance and the nature and extent of the injury sustained by the plaintiff therefrom, all of which sufficiently appear in the opinion of the court. 3. That the defendant *Herman Nunnemacher* ran the said distillery, and establishments connected therewith, for a year or more previous to May 1873; that *Jacob Nunnemacher* ran and operated the same from May, 1873, to August, 1873, and the defendants *Christian Guenther* and *Robert Nunnemacher* from August, 1873, to the time of commencing the action; but the plaintiff further charges, upon information and belief, that "notwithstanding the said distillery has been run and operated in the name of one or the other of said defendants, yet it has been, nevertheless, run and conducted for the benefit and profit of all" of them.

Judgment is demanded for the abatement of the nuisance, and for damages.

The defendants demurred to the complaint on the following grounds: 1. Want of jurisdiction in the court. 2. A defect of parties plaintiff. 3. A defect of parties defendant. 4. A misjoinder of causes of action. 5. Insufficiency of facts stated to constitute a cause of action. The demurrer was overruled; and defendants appealed.

*A. C. Fraser*, for appellants, with *E. G. Ryan*, of counsel,

made the following among other points: 1. The demurrer admits only what is material and well pleaded. It does not admit conclusions of law. Gould on Pl., ch. 18, §§ 5, 21, 24, 27, 28 and 29; *Grosebeck v. Dunscombe*, 41 How. Pr., 302. The application of these rules strikes out very considerable portions of the complaint in this case. 2. The complaint is insufficient because it does not show that plaintiff was the owner of the premises alleged to be affected by the nuisance, at the time the acts complained of were committed. 2 Black. Com., 219–221; *Waggoner v. Jermaine*, 3 Denio, 306; *Jones v. Clay*, 1 Bos. & Pul., 191; *Kintz v. McNeal*, 1 Denio, 436, 438–9; *Ellsworth v. Putnam*, 16 Barb., 565, 568. 3. The description of plaintiff's land, as given in the complaint, limits the same to the *bank* of the creek, and shows in him no title in or to the water of the stream or the bed over which it flows, and consequently excludes him from all riparian rights. Angell on W. C., §§ 8, 26; *Cary v. Daniels*, 5 Met., 236; *Crittenton v. Alger*, 11 id., 281; *Starr v. Child* (dissenting op.), 20 Wend., 149; *S. C.* reversed, 4 Hill, 169; *Hatch v. Dwight*, 17 Mass., 289; 5 Denio, 599. 4. If the complaint shows any nuisance at all, it is a common or public one, and the plaintiff, in order to sustain his action, must show some special injury peculiar to himself. It is not enough that the injury to him is greater than that sustained by others, provided it be of the same kind or character. *Lansing v. Smith*, 8 Cow., 146, 156; *Dougherty v. Bunting*, 1 Sandf., 1, 3; *Smith v. City of Boston*, 7 Cush., 254; *Brainard v. R. R. Co.*, id., 506, 510; *Carpenter v. Mann*, 17 Wis., 155. The complaint shows no such special injury. 5. The action is in the nature of the common law *assize of nuisance*, and lies only against the party owning a freehold interest in the lands on which the nuisance was created. 2 Black. Com. (Chitty's), 220, 221; Jacob's Law Dic. Such an action might be sustained against the defendant *Jacob Nunnemacher* alone; but his codefendants are liable only in *case*, in several actions against them, for the damage done by each while in

possession. There is, therefore, an improper joinder of causes of action. *Hess v. R. R. Co.*, 29 Barb., 391; *Ellsworth v. Putnam*, 16 id., 565.

*Cotzhausen, Sylvester & Scheiber*, for respondents, contended that the boundary of plaintiff's land along the *bank* of the stream did not exclude the bed of the stream, or deprive him of riparian rights, arguing that the policy of our state, as manifested through both the legislature and judiciary, was in favor of construing grants adjoining water as extending *ad filum aquæ*, and citing R. S. 1858, ch. 41, sec. 3, and ch. 144, sec. 6; 3 Kent's Com., 427–8, 434; Angell on W. C., 9, 11, 17, 23; *Jones v. Pettibone*, 2 Wis., 308; *Walker v. Shepardson*, 4 id., 486; *Mariner v. Schulte*, 13 id., 693; *Arnold v. Elmore*, 16 id., 509. Whatever may be the construction or effect of the language used in the description of the land, it does not affect the sufficiency of the complaint, because that alleges that the stream also intersects plaintiff's land. 2. Upon the question whether the facts stated constituted such peculiar and special injury as entitled plaintiff to maintain a private action for the nuisance, counsel cited Angell on W. C., §§ 95, 96, 136, 140, 567, 572; Phear on Waters, 107; 2 Saund. Pl., 406; Story's Eq. Jur., 921; 1 Hilliard on Torts, 66 et seq., 548–570; *St. Helen's Smelting Co. v. Tipping*, 5 Am. Law Reg., 104; 7 id., 81, and note; *King v. Morris & Essex R. R.*, 3 C. E. Green, 397; *Wesson v. Washburn Iron Co.*, 13 Allen, 95; *Cleveland v. Citizens' Gas Light Co.*, 5 C. E. Green, 201; *Walker v. Shepardson*, 2 Wis., 384; *Barnes v. Racine*, 4 id., 4; *Enos v. Hamilton*, 27 id., 256. They also argued that the demurrer for misjoinder was not well taken; that an excess of parties defendant is no cause for demurrer (26 Wis., 215, 540), nor is it necessary that all parties should be affected alike; that the action is *sui generis*, created by statute, and not a common law writ of nuisance, or action on the case for damages; and that every person interested in the subject matter of the controversy, whether as owner of the fee, tenant in possession, or otherwise, is a proper if

Greene vs. Nunnemacher and others.

not a necessary party. 1 Hilliard on Torts, 572; R. S. 1858, ch. 144.

COLE, J. This action is brought to recover damages for erecting and maintaining a nuisance, and for an abatement of the nuisance itself.

Among other objections which are taken to the complaint, on demurrer, it is claimed and insisted that it does not appear with sufficient certainty that the plaintiff was the owner of the premises affected by the nuisance at the time the acts complained of were committed. This objection is not well taken. It is distinctly averred that the plaintiff was the owner in fee and in possession of the premises described, and had for several years past been in the actual occupancy and possession of the same as and for a homestead, using them for agricultural purposes, and keeping in connection therewith a public inn or saloon for the accommodation and entertainment of the public. The complaint afterwards shows fully the nature and character of the nuisance, by which it is alleged the plaintiff is damnified. But it clearly appears, we think, that the plaintiff was the owner and in possession of the premises which it is claimed were injured by the nuisance.

It is further objected that the nuisance complained of is a common nuisance, and that the remedy for its abatement is by indictment or information by the state, and not by a private action brought by an individual. The law is doubtless well settled, that no action will lie by an individual for the abatement of a common nuisance, unless special damage is alleged and proven by the party bringing such action. But when the aggrieved party suffers actual damages which are peculiar to himself, and not such as he suffers in common with the public at large, then the law gives him a right of action for his own special and particular injury. This rule is believed to be so elementary as to require no argument, nor the citation of authority in its support; and none will therefore be given.

Now it may require some liberality of construction to hold the complaint sufficient and as stating a case within this well recognized doctrine, but we are inclined to say that it does show that the plaintiff has sustained some special and peculiar injury in consequence of the nuisance, and which is not common to the whole community. It appears that the plaintiff owns a parcel of land bordering on the Kinnickinnic River, and that the defendant *Jacob Nunnemacher* is the owner of a much larger tract of land above him, through which the river flows. It is averred that the defendant *Jacob* has erected and continues to maintain on his premises a distillery, and, in connection therewith, large stables and an extensive hog yard, all in close proximity to the river; and that slops, manure and other substances are constantly poured from the distillery and these yards into the river, entirely corrupting and putrifying the waters below his land; and that the vegetable and animal substances which are thus discharged into the river, settle upon and penetrate the bottom and banks of the river and adjoining lands, infecting the air with the most offensive, noxious and unwholesome smells and miasma, to the great injury and detriment of all persons living in the vicinity, and more especially the plaintiff and his family.

If the plaintiff is a riparian proprietor, he has the undoubted right to enjoy the use of the waters of the river for his cattle and for domestic purposes without having their purity affected or their quality destroyed by the upper proprietor. And it would require no argument to show, in such a case, that the rights of the plaintiff would be most injuriously affected by the acts complained of, which corrupt and pollute the stream. But it is not entirely clear, upon the allegations of the complaint, that the plaintiff is entitled to this use of the water in consequence of being a riparian proprietor lower down the river. For, according to the description of his premises as given in his deed, there is reason for saying that they are limited to the river *bank*, and do not in fact include the bed of

the stream or the waters of the same. It is true there is a further allegation subsequently made, to the effect that the river passes "partly around and partly through " the plaintiff's land, which, considered by itself, would certainly show that the plaintiff was the owner of the land actually included in the bed of the river, and of course, as such owner, entitled to the use and enjoyment of the water in a natural state of purity. And if this is really the situation of his premises, it needs no argument to show that so far as he is concerned he has the right to insist that the defendants shall not foul and corrupt the waters by discharges and slops from their distillery and hog and cattle yards, so as to render the waters unfit for agricultural and domestic purposes. Upon these facts we should be unwilling to hold that the plaintiff could not maintain an action for the abatement of the nuisance, and for the special injury which he had sustained in consequence of its erection and maintenance. See *Carpenter v. Mann*, 17 Wis., 155; *Enos v. Hamilton*, 27 id., 256.

But this is not all there is of the complaint upon which a right to bring the action is founded. It is also stated and alleged that, in consequence of the existence of the nuisance and the unhealthy condition of the surrounding atmosphere, the plaintiff has been and is now deprived of a great many customers and of much patronage in his business as a tavern or saloon keeper, and that his profits therefrom in his business have been diminished to the amount of at least five thousand dollars per year; that he and his family, consisting of himself and wife, have been and are, day and night, when at home, deprived of fresh, pure and healthy atmosphere, which they are entitled to enjoy, and which they did enjoy before the committing of the several acts and grievances by the defendants complained of, and are constantly exposed to the breathing of the most noxious and offensive miasma and malaria, which has greatly weakened and injured them in their health, and subjected them frequently to illness and indisposition. It

seems to us that these facts sufficiently show that the plaintiff has suffered special and particular injury from the nuisance, not common to the other members of the community.   He has sustained loss in his business and sickness in his family as the direct consequence of its existence; and we see no reason for denying him a remedy for these damages.   They are not only greater in degree, but they are different in kind from the injury to others; especially is this true in respect to being deprived of his customers and patronage in his business.   We are therefore inclined to hold that the complaint states a cause of action within the rule, and that it is not open to objection for not showing particular damage to the plaintiff in consequence of the nuisance.

There is, however, another objection taken to the complaint, which we think must be sustained.   It is, that several causes of action have been improperly united.   It appears that *Jacob Nunnemacher* is the owner of the premises on which the nuisance is situated, and that he erected and maintains it.   He is doubtless liable for having created and maintained it.   It is alleged also that the defendant *Herman Nunnemacher* ran the distillery and establishments therewith connected for one year or more previous to the month of May, 1873; that *Jacob* ran and operated the same from the month of May, 1873, to the month of August, 1873; and the other defendants, *Christian Guenther* and *Robert Nunnemacher*, from the month of August, 1873, to the commencement of the action.   Now, assuming as we well may, that the tenant is liable during his term for maintaining the nuisance, it seems clear that he cannot be held liable for damages sustained before and after the expiration of the term.   *Herman* may be liable for the year ending May, 1873, together with his father; but upon what ground can he be held liable after that time?   True, there is an allegation that the distillery has at different times been run and operated for the benefit and profit of all the defendants; yet this shows no joint liability.   Because they derived a profit from the dis-

tillery, we cannot infer, in view of the specific allegations in regard to their tenancy, that they were jointly liable for maintaining the nuisance at the same time. The complaint therefore states a cause of action against *Jacob* and *Herman* for one period; and a cause of action against *Jacob* and the other defendants for another period; and then against *Jacob* alone; but there is no necessary connection in these causes of action. Why should they be united in the same action? They are distinct, independent and separate, and have been improperly united. *Lull v. The Fox & Wisconsin Imp. Co.*, 19 Wis., 101; *Arimond v. The Green Bay & Miss. Canal Co.*, 31 id., 316; *Hess v. The Buffalo & Niagara Falls R'y*, 29 Barb., 391. The tenants should not be held liable for damages caused by the owner before the commencement of their terms, nor should they be held liable for each other, when in no way connected. This, it seems to us, is very obvious. For this reason we think the demurrer to the complaint should have been sustained.

*By the Court.* — The order of the circuit court, overruling the demurrer, is reversed, and the cause is remanded for further proceedings according to law.