# CASES DETERMINED

AT THE

## *January Term, 1896.*

MIDDLESTADT, Respondent, vs. WAUPACA STARCH & POTATO COMPANY, Appellant.

*March 13 — March 27, 1896.*

*Waters: Pollution: Nuisance: Injunction.*

The deposit of refuse matter from a starch factory in a river, polluting the water thereof so as to injuriously affect the personal comfort of a lower riparian proprietor and his family and deprive him of the use of such water for the purpose of watering his stock and for ordinary domestic uses, will be restrained at his suit.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Action brought to restrain the defendant from throwing refuse matter from its starch factory into the Waupaca river, upon the theory that such refuse matter polluted the river and injured the plaintiff as a riparian owner. The court found that plaintiff was, and had been for several years, the owner of lands along the shores of the Waupaca river below defendant's starch factory, upon which lands he resided with his family; that defendant had operated the factory for several years, during which time it had been customary to throw the refuse matter therefrom into the river, which resulted in polluting the waters thereof and of Weyauwega Lake in front of plaintiff's farm so as to se-

riously injure the health and personal comfort of plaintiff
and his family, and to prevent the use of the water of the
river for domestic purposes, and that, unless restrained by
the court, defendant would continue to so operate its factory
and pollute the waters of the river, to plaintiff's damage;
that the plaintiff had sustained damages to the amount of
$100. Judgment was accordingly ordered in favor of plaint-
iff for $100, and costs, and perpetually restraining and en-
joining the defendant from depositing refuse matter from
its factory into the Waupaca river, and from polluting the
water of said river by the operation of its factory. From
the judgment entered accordingly the defendant appealed.

For the appellant there was a brief by *Edward E. Browne,*
attorney, and *Charles Barber,* of counsel, and oral argument
by *F. Beglinger.* They contended, *inter alia,* that riparian
proprietors on streams may cast sewage and waste material
therein if they do not thereby cause material injury to pub-
lic or private rights. The natural right of one proprietor
to have the stream descend to him in its pure state must
yield in a reasonable degree to the equal right of the upper
proprietors whose use of the stream for mill or manufactur-
ing purposes will tend to make the water less pure for irri-
gation or domestic purposes so far as it affects the lower
proprietor. And the rule becomes much more liberal and,
as a learned writer says, is one of public importance where
useful manufactories are established along the banks of the
stream. Slight inconveniences, occasional annoyances are
not recognized as grounds for perpetual injunctions. Gould,
Waters, § 220; *Richards's Appeal,* 57 Pa. St. 105; *Brook-
line v. Mackintosh,* 133 Mass. 215; *New Boston C. & M. Co.
v. Pottsville W. Co.* 54 Pa. St. 164; *Bigelow v. Hartford B.
Co.* 14 Conn. 565; *Huckelstine's Appeal,* 70 Pa. St. 102;
High, Injunctions (1st ed.), § 522; Wood, Nuisances, §§ 791–
793.

For the respondent there was a brief by *Goldberg & Hoxie,*

attorneys, and *G. W. Cate* and *Felker, Goldberg & Felker*, of counsel, and a separate brief by *Cate, Sanborn, Lamoreux & Park*, and oral argument by *C. W. Felker*. They argued, among other things, that the deposit of refuse matter, residuum, or waste from defendant's factory created a nuisance. *Board of Health of New Brighton v. Casey*, 3 N. Y. Supp. 399; *Barclay v. Comm.* 25 Pa. St. 503; *Seaman v. Lee*, 10 Hun, 607; *Woodyear v. Schaefer*, 57 Md. 1. Equity will restrain the creation of a public nuisance at the suit of a person who will suffer private injury therefrom. *Walker v. Shepardson*, 2 Wis. 384; *Cobb v. Smith*, 23 id. 261. The injunction is not too broad. It does not matter whether the injunction closes the factory of the defendant or not. That is not a question for consideration here. 1 Wood, Nuisances (3d ed.), § 436; *Robinson v. Baugh*, 31 Mich. 291; *Edwards v. Allouez M. Co.* 38 id. 50; *Pennoyer v. Allen*, 56 Wis. 502. The following are cases illustrative of nuisances against the continuance of which equity has granted relief: *Campbell v. Seaman*, 63 N. Y. 568; *Haskell v. New Bedford*, 108 Mass. 208; *Peck v. Elder*, 3 Sandf. 126; *Meigs v. Lister*, 23 N. J. Eq. 199; *Cleveland v. Citizens' G. L. Co.* 20 id. 201; *Babcock v. N. J. Stock Yard Co.* id. 296; *Holsman v. Boiling Spring B. Co.* 14 id. 335; *Goldsmid v. Tunbridge Wells Imp. Comm'rs*, L. R. 1 Ch. App. 349; *Att'y Gen. v. Steward*, 20 N. J. Eq. 415.

MARSHALL, J. It is contended that mere contamination of the water of the Waupaca river so as to injuriously affect the personal comfort of plaintiff and his family, and deprive him of the use of the water of such river for the purpose of watering his stock and for ordinary domestic uses as he could and did before defendant's wrongful acts, does not constitute a nuisance so long as the evidence does not show any loss of life or health; and plaintiff was a farmer having but a few head of stock, and owning the land for only 100 rods

along the river, and there was no evidence to show that he ever used the water for household purposes.

Wood, Nuisances, § 1, states the rule thus: "Every unlawful use by a person of his own property in such a way as to cause an injury to the property or rights of another, and producing material annoyance, inconvenience, discomfort, or hurt, and every enjoyment by one of his own property which violates the rights of another in an essential degree, constitutes an actionable nuisance, and damages are presumed." It is too well settled to need discussion at this time that a riparian owner of property is entitled to have the water of a stream flow to and through or by his land in its natural purity, and that anything done which so pollutes such water as to impair its value for the purposes for which it is ordinarily used by persons so circumstanced, causing offensive odors to arise therefrom and injuriously affecting the beneficial enjoyment of adjoining property, may be restrained at the suit of the injured party; and neither distance from the source of pollution, nor public convenience, nor difficulty in avoiding the trouble can either justify or excuse the wrong; nor is actual pecuniary loss necessary in order that an action may be maintained to restrain it. The doctrine of equity applies that, where there is no adequate remedy at law and there is an appreciable injury to a right, though no actual damage in the sense of ascertainable pecuniary loss can be shown, an action lies for damages against the person responsible for the wrong, and to restrain its continuance, and nominal damages will be presumed, to sustain the action. Wood, Nuisances, §§ 433–442. Also, in respect to the essential principles involved, see *Pennoyer v. Allen*, 56 Wis. 502; *Greene v. Nunnemacher*, 36 Wis. 50; *Stadler v. Grieben*, 61 Wis. 501, and cases cited therein. In the last case the present chief justice stated the rule in effect thus: It is well settled that the law gives to every person protection against every substantial injury to his rights. Let the

injury be tangible, or the discomfort perceptible to the senses of ordinary people, or the uses of the property be materially affected or impaired, and an action accrues, either in law or in equity, to remedy the wrong. See, also, *Robertson v. Stewart*, 11 Sess. Cas. (3d Series), 189,— a Scotch case,— which was an action to restrain the operation of a starch factory in such a way as to pollute the waters of a stream bounding plaintiff's property. The court held that the putting of refuse matter from the factory into the stream so as to cause offensive odors to arise from the water constituted an actionable nuisance; though not a very great nuisance, yet actionable.

The facts found by the trial court, including the assessment of damages, are well supported by the evidence; and the injunction goes no further than to restrain the defendant from operating the factory in such a manner as to seriously affect plaintiff and his family in the enjoyment of his property. It is fully warranted by the facts found.

*By the Court.*— Judgment affirmed.