BREESE and another, Respondents, vs. WAGNER, Appellant.

*April 10—May 12, 1925.*

*Navigable waters: Title to beds of navigable lakes: Nuisance: Building roadway from island to mainland: Abatement in action by private person: Joinder of state as party plaintiff.*

1. In an action to enjoin defendant from constructing a roadway from the shore of a lake to an island in the lake, which lake was found to be navigable within the meaning of sec. 30.01, Stats., on the ground that the roadway constituted a public and private nuisance, evidence that plaintiff was the owner of an interest in lake frontage which had a special value for summer-resort purposes, that the roadway interfered with the flowage of the water, increasing the growth of weeds along the shore, and that the water became stagnant and emitted offensive odors, resulting in a decrease in value of plaintiff's property, sufficiently shows that plaintiff suffered a private injury peculiar to himself.   p. 112.

2. A nuisance may be a public nuisance and also a private nuisance as to individuals who suffer a special and private injury. p. 113.

3. Whether or not plaintiff had legal capacity to sue to abate a public nuisance because not complying with secs. 3180 and 3180*a*, Stats., was immaterial where the state was permitted to adopt plaintiff's complaint and to appear and participate in the trial on the ground that the nuisance in question interfered with public rights and constituted a public nuisance. p. 114.

4. The title to the beds of navigable lakes is held by the state in trust for the public purposes of navigation and fishing.  p. 114.

5. Where an action to enjoin the construction of a roadway across a lake was commenced by an individual, but it appeared that the rights of the public were being interfered with, and that such roadway constituted a public as well as a private nuisance, the court, under secs. 2602, 2610, and 2611, Stats., properly exercised its discretion in permitting the state to become a party and allowing the prosecution of a joint action by the individual and the state to abate the nuisance. p. 115.

APPEAL from a judgment of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Affirmed.*

*Max J. Leutermann* of Milwaukee, for the appellant.

For the respondent *Breese* there was a brief by *Lockney, Lowry & Baird* of Waukesha, and oral argument by *J. K. Lowry.*

For the respondent *State of Wisconsin* there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

DOERFLER, J. The action was originally begun by the plaintiff *Breese* against the defendant *Wagner.* Construing the complaint literally, it sets forth the existence of both a public and a private nuisance and prays for an abatement thereof. When the action came on for trial the assistant attorney general, at the request of the governor of the *State,* appeared and requested that the *State* be made a party to the action so that the interests of the public might be fully protected. Defendant's counsel claimed that he was taken by surprise, and that his client was not prepared at that time to meet the issues so raised. The attorneys both for the plaintiff *Breese* and for the *State* thereupon expressed a willingness to grant an adjournment so as to enable the assistant attorney general to serve an amended complaint, to permit the defendant to plead thereto, and to prepare for the trial. Thereupon defendant's counsel consented to the adoption of the complaint of the plaintiff *Breese* by the *State,* and the court, with the consent of all parties, ordered the action to proceed for trial in the same manner as though

the *State* had originally joined with the plaintiff *Breese* as a party plaintiff to the action. Thereafter the plaintiffs, in accordance with the mutual understanding of the parties, introduced evidence to prove that the acts of the defendant constituted both a public and a private nuisance.

From the findings of the court, which are amply sustained by the evidence, the following appears: That the defendant *Wagner* is the owner of an island consisting of about twenty-eight acres of land in Lower Nemahbin Lake, known as Sugar Island, and that he also owns about 280 feet of lake frontage on the west shore of said lake; that the west shore of Sugar Island is located about 600 feet from the main-land, and that in June, 1921, the defendant constructed, of dirt and gravel, a roadway from the mainland east out into the lake a distance of 412 feet, with the intention of connecting his shore property with the island; that the lake is meandered, and a navigable lake in fact, and that the water between the island and defendant's shore property varies in depth between one and two and one-half feet; that since the construction of the portion of the roadway complained of, the bottom of the lake on the west shore of the island and along the roadway has accumulated considerable deposit of silt; that the circulation of the water around the lake has been materially impeded and blocked and has become stagnant, and at times emits offensive odors; that the construction of said roadway has caused a deposit of silt in the outlet of said lake, thus increasing its shallowness, and has also resulted in an increase in the growth of weeds, so as to obstruct largely its navigability; that fishing and hunting and the general enjoyment of the lake for navigation purposes have been to a large extent destroyed; that the plaintiff *Breese* is the owner of a one-seventh interest in a strip of land in the immediate vicinity of said roadway, with a frontage of 1,900 feet on the lake; and that his property, by reason of the facts aforesaid, has materially decreased in value and that its rental value has been largely diminished;

and that he, *Breese,* has suffered a material injury and damage, special and peculiar to himself.

As conclusions of law the court adjudged said roadway a public and private nuisance and ordered its abatement, and enjoined the further construction thereof.   Judgment having been entered in accordance with the said findings, the defendant has prosecuted this appeal.

Defendant's counsel first challenges the finding of the court wherein it is found that the plaintiff *Breese* has suffered a private or special injury peculiar to himself.  We have carefully examined the evidence in the case, and we are thoroughly satisfied that this finding is supported overwhelmingly by the evidence.  *Breese* is the owner of an undivided one-seventh interest in 1,900 feet of lake frontage lying in close proximity to this roadway.  The property has a special value for summer-resort purposes.  For upwards of fifty years before defendant conceived the idea of building this roadway, that portion of the lake lying between the island and its west shore was navigable and was used by those owning property bordering on the lake, and by the public in general, for navigation purposes and for hunting and fishing. It is true that the water in the vicinity of this roadway has always been decidedly shallow, but it had a sufficient depth to permit navigation.  The court found that this portion of the lake was navigable in fact, and such finding is amply sufficient to satisfy the requirements of sec. 30.01 of the Statutes.   Said section reads as follows:

"All lakes wholly or partly within this state which have been meandered and returned as navigable by the surveyors employed by the government of the United States, and all lakes *which are navigable in fact,* whether meandered or not meandered, are hereby declared to be navigable."

The construction of the roadway interfered with the flowage of the water around the lake.  It also greatly increased the growth of weeds along its sides and on the shore of both the island and the mainland.  It resulted in the deposit of

considerable silt in close proximity to it and to the mainland and the island, thus decreasing the depth of the water and stimulating the growth of weeds. Silt was also deposited to a large extent in the outlet, which interfered with the navigability of the lake at that point. The water in the vicinity of this roadway became stagnant, and at certain periods of the year offensive odors were emitted which were detrimental to the health of not only those living in the immediate proximity of the roadway but to the public in general. It also appears from the evidence that the property of the plaintiff *Breese* materially decreased in value, and that its rental value was also diminished. Plaintiff therefore suffered a special damage peculiar to himself.

A nuisance may be a public nuisance, and as to certain individuals who suffer a special and private injury it may be a private nuisance. This is held in the case of *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668, where it is said:

"These injuries to the plaintiff in the use of her property and to the property itself are none the less special and private because by the same acts may be created and maintained a public nuisance in defiling the waters of a navigable stream or in polluting the atmosphere to the detriment of the public health."

See, also, *Mitchell Realty Co. v. West Allis,* 184 Wis. 352, 199 N. W. 390, 397; 1 Wood, Nuisances, § 1; *Stadler v. Grieben,* 61 Wis. 500, 21 N. W. 629; *Middlestadt v. Waupaca S. & P. Co.* 93 Wis. 1, 4, 66 N. W. 713.

Defendant's counsel further contends that the plaintiff *Breese* had no legal capacity to sue to enjoin a public nuisance, in that he failed to obtain leave from the court to prosecute this action in the name of the *State.* On this point defendant's counsel relies upon the provisions of secs. 3180 and 3180*a* of the Statutes. Whether or not he had legal capacity to sue in order to abate a public nuisance because he failed to obtain leave from the court to commence and prosecute the action as is provided by sec. 3180*a,* is of

little materiality in this case.   As above stated, the plaintiff *Breese,* in the original complaint, alleged the existence of both a private and a public nuisance, and he prayed for an abatement thereof.   When the action came on for trial the assistant attorney general, at the request of the governor of the *State,* appeared and prayed leave to intervene for the protection of the *State's* interests.   The *State* was permitted to adopt the complaint of the plaintiff *Breese,* to appear and participate in the trial, and to introduce such evidence as it deemed proper for the purpose of establishing its claim that the roadway in question interfered with the public rights of navigation and with the rights of the public in general, and that it constituted and created a public nuisance.   The evidence was introduced without objection on the part of the defendant's counsel.   At the close of the evidence the assistant attorney general, in behalf of the *State,* moved to amend the complaint so as to make it conform with the proof, all of which was not only proper but fully sanctioned by the provisions of the statutes.

The title to the beds of navigable lakes in this state is held by the *State* in trust for the public purposes of navigation and fishing.   *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764; *Diana S. Club v. Husting,* 156 Wis. 261, 145 N. W. 816; *Pewaukee v. Savoy,* 103 Wis. 271, 79 N. W. 436; *C. Beck Co. v. Milwaukee,* 139 Wis. 340, 120 N. W. 293.   The court having found that the roadway in question constituted a public nuisance and that it interfered with the rights of the public who were engaged in navigation and the various incidents thereto, and such findings being fully and amply supported by the evidence, the allegations of the original complaint would be deemed amended in accordance with such proof had no application been made on behalf of the *State* for such amendment.   But, independent of the consent of defendant's counsel to permit the *State* to appear in the action and to adopt the original complaint, it was within the discretion of the court, under the provisions of

secs. 2602, 2610, and 2611, to order or permit the *State* to become a party so that its rights might be fully adjudicated. Neither the plaintiff *Breese,* nor the *State of Wisconsin,* sought the recovery of damages.   The action was in equity, and the relief sought consisted in an abatement of the nuisance and an injunction enjoining the further construction of the roadway.   The evidence established both a private and a public nuisance.   These facts clearly justified the court, under the provisions of the sections of the statutes above named, to exercise its discretion in ordering and permitting the prosecution of a joint action.

The judgment of the lower court must therefore be affirmed.

*By the Court.*—It is so ordered.