## CLASON VS. CITY OF MILWAUKEE.

MUNICIPAL CORPORATIONS: (1.) *Validity of by-law a question of law for the court.* (2.) *Necessity for ordinance prohibiting removal of sand by lot-owners on lake shore, subject to judicial investigation.* (3.) *Question of necessity, when left to jury.* (4.) *Ordinance for protection of lake shore, held not unreasonable.*

EVIDENCE: (5.) *In action by city to recover penalty for violating ordinance, evidence admissible to show that act complained of is not injurious.*

1. Ordinarily the question whether a *by-law* is reasonable and valid is one *of law*, for the court.
2. Assuming that the city government of Milwaukee has power (whether by the common law or by specific grant in its charter), when necessary for the protection of the city from inundation by Lake Michigan, or the preservation of its harbor, to prohibit by ordinance owners of city lots along the lake shore from removing sand therefrom, the question whether such an ordinance, when passed, is unnecessary and unreasonable (and therefore invalid) is still subject to judicial investigation.
3. If the necessity and reasonableness of such ordinance depends upon the existence of particular facts, of which the court has no judicial knowledge, it must be left to the jury, upon proper evidence.

Clason vs. City of Milwaukee.

4. An ordinance heretofore passed by the common council of said city, "for the protection of the beach or shore of Lake Michigan in the third ward," *held* not to be *unreasonable on its face.*

5. But in an action by the city to recover a penalty for a violation of said ordinance, it was *error* to reject the testimony of an expert offered by defendant to show that the act complained of would have no effect to render the city liable to inundation, or to injure the harbor. The question whether the ordinance is reasonable, should have been submitted to the jury upon such evidence.

ERROR to the Municipal Court of *Milwaukee* County.

The action was brought by the defendant in error, to recover of *Clason* the penalty for violating an ordinance of the *City of Milwaukee*, for the protection of ·the beach or shore of Lake Michigan, in the third ward of said city. The case is fully stated in the opinion. The court found the defendant below guilty, as charged in the complaint, and sentenced him to a fine of $25 and costs, and he took his writ of error.

*Jenkins & Elliot*, for plaintiff in error, contended that the defendant in error, being a municipal corporation whose powers of local legislation were derived solely from the legislature, those powers could not be exceeded or extended by intendment or implication, and must be exercised in subordination to the constitution and general laws of the land. Where the charter enables the corporation to make by-laws or ordinances for certain purposes, its power of legislation is limited to the cases and objects specified, all others being excluded by implication. 2 Kent., 296; Angel and Ames on Corp., secs. 325, 335, 6th ed., ch. 10; Cooley's Const. Lim., 194; Sedgwick on Const. Law, 466; *Beaty v. Lessee of Knowler*, 4 Peters, 167; *Halsted v. Mayor of N. Y.*, 3 N. Y., 433; *Hodges v. Buffalo*, 2 Denio, 112; *State v. Ferguson*, 33 N. H., 424; *New London v. Brainard*, 22 Conn., 552; *Cowen v. West Troy*, 43 Barb., 48; *La Fayette v. Cox*, 5 Ind., 38; *Clark v. Des Moines*, 19 Iowa, 212; *Butler v. Milwaukee*, 15 Wis., 493; *Wreford v. People*, 14 Mich., 41. A public corporation has no common-law power to restrain or in any manner interfere with the exercise by the owner of the control of his

own property. The general disposition of the courts of this country has been to confine municipalities strictly within the limits of their charters. For all the purposes of jurisdiction they are like inferior courts and must show their power in every case. Cooley's Const. Lim., p. 194, *et seq.*; Angel & Ames on Corp., sec. 110; *City of Grand Rapids v. Hughes*, 15 Mich., 54; *Child v. Hudson Bay Co.*, 2 P. Wms., 207.

*E. G. Ryan* (city attorney), for defendant in error, argued that the authority of the city to enact such ordinances as the one in question, was found in its common law powers. It would be a scandal to the administration of law, that a police regulation, or a local municipal law, should depend for its validity on the question of fact as to its necessity, and be valid in one case and invalid in another, according to the varying weight of testimony and the varying views of juries. Hence the rule, that where a power is delegated by the legislature to a public body, the right to determine the necessity for its exercise, rests wholly in that body. The emergency being conceded, the power to provide against it is clearly established. *Miller v. The City*, 14 Wis., 642.

COLE, J. This action is brought by the city of Milwaukee to recover the penalty imposed for a violation of one of its ordinances. The ordinance in question was entitled " an ordinance for the protection of the beach or shore of Lake Michigan in the third ward of the city of Milwaukee." In the first section, the beach or shore of Lake Michigan in the third ward of the city, extending along the margin of the lake from the center of Wisconsin street to the north harbor pier in the said ward, as high as the established grade of Beach street, in said ward, one hundred feet in width, was established and declared to be necessary for the protection of said ward from inundation by the waters of Lake Michigan, and necessary for the preservation of the piers of the harbor and of the proper and necessary depth of water in the Milwaukee river.

The second section prohibited any person from digging or removing any sand, stone or earth within the above limits from the beach or shore within one hundred feet of high water mark, on any street or lot which was below the established grade of Beach street in the said ward adjoining or nearest thereto, so as to reduce the lot or any part thereof below the established grade of Beach street, adjoining or nearest to said lot. The third section extended the provisions of the ordinance to all persons, whether owners or not of any lot or part of any lot on the beach or shore within the limits above named. It was admitted on the trial, that on the third day of April, 1872, the defendant took and removed sand from the beach or shore of Lake Michigan, in the third ward of the city, between the center of Wisconsin street and the north harbor pier, and within said ward, which sand was removed from lot two in block 159, and which lot was below the established grade of Beach street in the ward adjoining or nearest thereto, and was within one hundred feet of high water mark; that said lot was at the time owned by one Bryant, and that the defendant removed the sand at the request and by the direction of the owner of the lot.

On the defense, I. A. Lapham was called as a witness, who testified that he had resided in Milwaukee for upwards of twenty-five years; that he was acquainted with the beach between Wisconsin street and the north harbor pier, and had been so acquainted with it for upwards of twenty-five years; that he was acquainted with the results produced on the shores of Lake Michigan by the action of the waters of the lake, and had practical knowledge thereof, and had made the matter a study; and that he was a civil engineer. And the witness was asked what effect the removal of the sand from the beach of Lake Michigan, between Wisconsin street and the north harbor pier, would have with respect to the inundation of the third ward by the waters of Lake Michigan. This question was objected to and ruled out. The defendant's counsel thereupon repeated the question to the witness, and offered to prove by

him that the beach or shore mentioned in the ordinance, was not necessary for any of the purposes specified in the first section of the ordinance; that the digging and removing of sand from the beach or shore would not tend to render said ward liable to be inundated by the waters of the lake, and would in no way injure the piers of the harbor or prevent their preservation; and would have no effect whatever upon the depth of water in the Milwaukee river. The court, however, refused to permit the defendant to prove any such fact by the witness, or by any witness, holding that the common council was the sole and only judge of the necessity of the passage of the ordinance, and that whether or not the ordinance was reasonable, could not be inquired into in the action. The exception taken to this ruling is one of the errors relied on by the plaintiff in error for a renewal of the judgment. It seems to us that it is well taken and must prevail.

It is argued by the counsel for the city, that the authority to enact the ordinance is clearly vested in the common council, either in the specific powers granted in the charter; or under the common law powers of a municipal corporation; that the ordinance itself declares the emergency for its passage, and that this declaration is conclusive upon the question of its necessity and reasonableness. For it is said, it would be an unbearable nuisance that in such cases each jury should determine the necessity in each particular case, since this would make the validity of the ordinance depend wholly upon a question of fact, and it would be valid in one case and invalid in another, according to the varying weight of testimony and the varying views of juries. Hence it is insisted that the rule of law applies that when a power is delegated by the legislature to a public body, the necessity of its exercise rests wholly in the body to which it is delegated.

We are unable to concur in those views to their full extent. It may well be, that the common council is clothed with the authority to enact an ordinance for the protection of the city, or

any part of it, from inundation by the waters of the lake, and for the preservation of its harbor, and even to prevent an owner from removing the sand on his own land, which would destroy a natural break-water. We are inclined to think the common council has that power, although we do not deem it material to inquire whether they derive it from the common law power of a municipal corporation, or from some grant in the charter. It would certainly seem anomalous if the city had not the right of self-preservation and the power to protect not only its own streets and harbor from destruction, but the lives of its citizens and the private property within its limits from inundation. In the case of *Miller v. The City of Milwaukee*, 14 Wis., 642, it was held, that the city had the power to contract for the building of a breakwater designed to accomplish this purpose; and as it was very forcibly put by the counsel for the city, if the common council has the power to prevent an evil by contract for a remedial structure, it certainly has the power to prohibit the evil by an ordinance. If it has the power to erect an artificial breakwater, it would seem that it should have the power from some source, to prohibit a riparian owner from destroying a natural barrier, by excavation on his own lot.

But we are unable to assent to the proposition that the common council is the sole and only judge of the necessity and reasonableness of the ordinance when enacted. The common council must doubtless determine in the first instance, whether an emergency has arisen calling for the passage of such an ordinance. But when the ordinance is passed, it stands upon the same ground as other ordinances and municipal regulations, and must be judged accordingly. Ordinarily, whether a by-law is reasonable or not, is a question for the court solely, and it has been held that evidence to the jury on the subject showing the effects of the law, was not admissible. *Commonwealth vs. Worcester*, 3 Pick, 462; *State vs. Overton*, 4 Zab., (N. J.,) 435; Angel & Ames on Corp., § 357. In the case of *Commonwealth vs. Worcester* the defendant was prosecuted for violating an ordi-

nance of the city of Boston prohibiting persons from driving their horses on a trot or gallop in the streets of the city. The defendant was the driver of a wood cart, and among other things he offered to prove by witnesses, that if the drivers of such carts and carriages as were mentioned in the by-law, should be obliged to drive on a walk, it would be prejudicial to the inhabitants of the city, by impeding their lawful business and raising the price of wood and other articles of consumption, and that if the by-law was construed so to restrain them, it was unreasonable and contrary to the public good and therefore void. The court, however, held the evidence inadmissible, saying, that "it was for the court to decide whether the by-law was reasonable or not; and evidence to the jury on this point was irrelevant." The court further adds, that the evidence as stated would have proved nothing unreasonable in the by-law; that it was not in restraint of trade, but was a reasonable regulation of it and calculated to promote the good government of the city. In the case of the *State vs. Overton*, the court held that the regulations of a railroad company with regard to the conduct of passengers, and to protect its own rights, were not, properly speaking, by-laws, but regulations, whose validity depended not upon their lawfulness, but upon their being reasonable, and the Chief Justice distinctly intimates that the question of the reasonableness of such regulations was, from its nature, a proper subject for the consideration of a jury, and not of the court.

In the case of *Hayes v. The City of Appleton*, 24 Wis., 542; and *Barling v. West*, 29 Wis., we had occasion to consider the validity of certain ordinances enacted by municipal corporations, in restraint of trade. In both cases the ordinances were held upon their face to be unreasonable — in derogation of common right, and therefore void. And it was said that if there were any reasons or special circumstances which rendered the ordinances in those cases reasonable and proper, necessary for the good order and welfare of the communities over which they

Clason vs. City of Milwaukee.

were to operate, this should have been made to appear in the proof.

In the present case, the validity of the ordinance depends rather upon a question of fact than of law. That is, in a legal sense, considering merely whether the ordinance is one which the common council had the power to enact; or whether upon its face it is obnoxious to any legal or constitutional objection, and we should hold that *prima facie* it is valid. But it was proposed to prove by an intelligent and scientific witness, who had practical knowledge upon the subject, and who had made the action of the waters of the lake upon the beach or shore mentioned in the ordinance, a study, that the removal of the sand from the lot in question would not tend to render the ward liable to be inundated by the waters, nor in any way injure the piers of the harbor or prevent their preservation; and would have no effect whatever upon the depth of the water in Milwaukee river. If the removal of the sand would be attended with no injurious consequences whatever; would not tend to destroy the natural barriers against the lake; nor endanger in any way the streets or harbor of the city, or private property within its limits, then we could say that the ordinance when applied to the case before us, was illegal — an unnecessary infringement of the rights of property without any compensating advantages to the public.

Is it not, therefore, apparent that the validity of this ordinance depends upon the question whether it is unreasonable and unnecessary to accomplish the object intended; and that whether reasonable and necessary, is from its nature a question of fact and not of law. As suggested on the argument by the counsel for the plaintiff in error, the action of the winds and waves upon the shore of the lake in that locality, is not within the science of the law. And it is impossible for the court to determine whether or not the ordinance is reasonable and proper, in view of the object sought to be accomplished, without some evidence upon the subject. And we cannot see that

it is a violation of any principle to submit these questions of fact to a jury as in other cases.

It follows from these views, that the ruling of the municipal court in excluding the evidence offered, was erroneous, and that there must be a new trial.

*By the Court* — Judgment reversed, and a *venire de novo* awarded.