Nicoulin v. Lowery.

THE STATE, PETER NICOULIN, PROSECUTOR, v. STEWART
LOWERY ET AL.

1. The proper control of the time and mode of cleaning sinks, cesspools, &c., is not only a legitimate subject of municipal concern, but is imperatively demanded by a just regard for the comfort and health of the citizen.

2. The establishment by the legislature of general and local boards of health is not to be regarded as detracting from the general powers of municipal governments, unless that legislative intent clearly appears.

3. The health laws may bring within the cognizance of their constituted boards offences prohibited by the town ordinances, because they injure the public health, yet they are not necessarily antagonistic to the exercise by the municipality of power to regulate and repress noxious and offensive creations, within the statute.

4. The complaint for a violation of an ordinance to repress and punish noxious and offensive practices, in carrying and depositing matter removed from sinks, cesspools and privy vaults, charged merely that the defendant, in the night-time of a day named, carted, carried and took into and within the limits of the township a load of night soil. No other circumstances were averred. *Held,* that an admission of all the facts stated was not sufficient to sustain a conviction.

5. An ordinance, general in its scope, may be adjudged reasonable as applied to one state of facts and unreasonable when applied to circumstances of a different character.

6. Where a plaintiff in *certiorari* had, under the law upon which the complaint against him was founded, a right of appeal to the Common Pleas, and thus an expeditious and inexpensive mode of determining his cause upon the merits, a writ of *certiorari* should be dismissed as improvidently granted.

On *certiorari.*

Argued at November Term, 1886, before Justices KNAPP and DIXON.

For the plaintiff, *Henry E. Wills.*

For the respondents, *Abel I. Smith.*

The opinion of the court was delivered by

KNAPP, J.   The prosecutor was convicted, before a justice of the peace of the county of Hudson, for the violation of an ordinance of the township committee of North Bergen township.   He seeks a reversal of the conviction on the alleged invalidity of the ordinance, and for irregularity in the proceedings before the justice.   The ordinance seems to have been adopted by the township committee with due formality, and no impressive reasons are urged or discoverable for holding a regulation such as this ordinance sets up to be an unreasonable exercise of the police power.   Its design was to repress and punish noxious and offensive practices in carrying and depositing matter removed from sinks, cesspools and privy vaults.   The proper control of the time and mode of cleansing such receptacles for refuse matter, and removal of their contents, is not only a legitimate subject of municipal concern, but is imperatively demanded by a just regard for the comfort and health of the citizen.

In respect to the doubted power of the township committee of North Bergen to pass the ordinance in question, it is not necessary to rest it upon an inherent right in all municipal governments to pass suitable rules and by-laws for the government of its members in matters of local concern ; for express authority for that purpose is given to the township by the legislature, in the acts creating it and defining its powers. The twentieth section of the act of April 6th, 1871 (*Pamph. L., p.* 1402), confers full power to pass, alter and repeal ordinances for regulating and suppressing nuisances in the township, and to enforce them by prescribed penalties.

One of the reasons earnestly urged against the binding character of the ordinance is that the power exercised by the township committee has been taken away by subsequent legislation, and that exclusive power over this subject is given to the board of health and vital statistics of the county of Hudson. An act was passed in 1884 (*Pamph. L., p.* 282), entitled "An act concerning county boards established for the protection of the public health, and the registration of vital facts and statis-

tics in counties of this state," which was designed to embody
in a single enactment former statutory provisions respecting
county health boards, and to confer enlarged powers on these
county institutions. One of the manifest effects of this legis-
lation was to supersede township boards of health in all coun-
ties where there existed boards with the larger jurisdiction,
and to substitute the powers of the county boards for those of
the townships. But legislation on this subject—and there has
been much of it in the establishment of these general and
local bodies—ought not to be regarded as detracting from the
general powers of municipal governments unless that legis-
lative intent clearly appears.

The legislation referred to in the charter of North Bergen
township has no special reference to the public health. It
authorized the township authorities to exercise local police
powers necessary to the preservation of good order and the
comfort of its citizens. The health laws of the state may
bring within the cognizance of their constituted boards offences
prohibited by the town ordinance, because they injure the
public health. Yet they are not necessarily antagonistic to
the exercise by the municipality of power to regulate and re-
press noxious and offensive creations of a public character
within the township. These powers may well exist together.

The course of procedure marked out by the charter for vio-
lation of ordinances is by prosecution, to be instituted before
any justice of the peace of the county. A complaint in writ-
ing, under oath, stating the offence and the ordinance alleged
to be violated, is required to be filed with the magistrate.
The defendant is to be brought in by summons or warrant.
In certain cases trial by jury may be demanded, and in all
cases an appeal is given to the Court of Common Pleas of the
county.

The complaint filed in this case charged that the defendant,
in the night-time of a day named, carted, carried and took
into and within the limits of the township, a load of night
soil. No other circumstances are averred. The defendant,
on being arraigned and on hearing the complaint read, ad-

Nicoulin v. Lowery.

mitted, as the record shows, that the facts charged were true and could not be denied. Thereupon, without further evidence, the justice declared his guilt and rendered his judgment convicting the defendant of violation of the ordinance. We think an admission of all the facts stated in the complaint was not sufficient to sustain a conviction.

The ordinance can be sustained as a reasonable regulation only upon the ground that its design is to protect the community against practices in the matter of which it treats, such as are noxious or offensive. An ordinance, general in its scope, may be adjudged reasonable as applied to one state of facts and unreasonable when applied to circumstances of a different character. *Pennsylvania R. R. Co.* v. *Jersey City*, 18 *Vroom* 286.

The scavenger, even with the use of improved methods of protection, may use the public streets without injury or offence to others; and cautious as courts are in declaring an ordinance void as being unreasonable, they would hold this ordinance to be so when its penalties were sought to be enforced against any one making a use of the public streets which was harmless in fact. The town cannot deny to citizens the use of its streets to cross the township on any business that is inoffensive. It cannot, by merely declaring an act to be a nuisance, make it such.

The complaint, while it uses the words of the ordinance, is defective in not charging facts to show an offence within the spirit and meaning of the law. It is not sufficient, in all cases, to charge an offence in the words of the statute creating it; and here all that is charged might be admitted, and yet guilt, under the by-law, be successfully denied.

Should we regard the complaint as sufficient to let in the proof requisite to sustain the defendant's guilt, yet taking the language of the admission of the defendant below, as stated in the record, and regarding the circumstances under which it was made, we think the conviction was without any evidence upon the essential fact of nuisance.

We have given the foregoing consideration to this case because of the interest alleged to exist in this township in the

maintenance of the ordinance in question, and others of kindred character, and to show that the justice had ·jurisdiction to hear and determine this cause. This brings us to consider the application to dismiss the writ of *certiorari.*

We are asked to dismiss this writ on the ground that this was a suit in the court for the trial of small causes, in which the unsuccessful party was given an appeal to the Court of Common Pleas of the county. Under the provisions of the ninety-fifth section of the act constituting courts for the trial of small causes (*Rev.*, p. 556), a *certiorari* is not allowed to bring up the judgment of that court when an appeal is given, but the party aggrieved must seek redress through the appeal, upon the merits. The case of *Greely* v. *Passaic*, 13 *Vroom* 429, is relied on as adjudicating a proceeding like this to be a suit in the small cause court; and, if so, under the authority of *Flannagan* v. *Plainfield*, 15 *Vroom* 118, the writ of *certiorari* should be dismissed as improvidently issued. We think it by no means clear that this proceeding is like that provided for in the charter of the city of Passaic, and which controlled the judgment in Greely *v.* Passaic. The proceeding there was, in form, an action of debt made cognizable before a justice of the peace, and as that officer had jurisdiction to hear and determine civil causes only when acting under the provisions of the Small Cause act, it was determined to be the legislative intent to give jurisdiction to a justice of the peace, acting in his office as justice of the civil court. In this proceeding the jurisdiction of the *magistrate* is called in action, and his authority is to dispose of the matter in a summary way, as upon information *quasi* criminal in character. True, a jury is given in certain cases, and then its empaneling is to be in the mode provided in the small cause court, and an appeal is allowed to the Common Pleas from the judgment rendered before the magistrate. But these are mere adjuncts to the information, and are not of such importance as to change the proceeding from a *quasi* criminal to a civil suit. The prosecution is instituted by filing a complaint under oath; a ·warrant brings

·in the accused, no pleadings are filed and the cause is heard summarily, and judgment of fine and imprisonment imposed.

We do not think that *certiorari* in this case is disallowed by the provisions of the Small Cause act.    Nevertheless, we think this writ is not the form through which the plaintiff in *certiorari* should have relief in this case.    The writ is one which issues in the discretion of the court, and its disposal remains at all times within that discretion.    Where the ends of justice are not best served by its use it may, at any stage of procedure ·under it, be dismissed.

The plaintiff in *certiorari* had given him, under the law upon which the complaint against him was founded, a right of appeal to the Common Pleas.    An expeditious and inexpensive mode of determining his cause was thus at his command, and that upon the merits, in which full and substantial justice was attainable.    This remedy he should have pursued to have the issues of fact properly determined and the law correctly applied.

It is true that the use of the writ of *certiorari* is not interdicted by the statute referred to, but its refusal would have been justified by the reasons which prompted the enactment, and would have been in full accord with the spirit and policy which it maintains.    Its dismissal now in discretion has the same ground of vindication.

The writt of *certiorari* is dismissed, with costs. ·