## COMMONWEALTH *vs.* LEONARD R. CUTTER.

Suffolk.    February 1, 1892. — February 25, 1892.

Present, FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Municipal Ordinance — Motion to Quash — Agreed Facts.*

A private passageway about four feet wide, in the city of Boston, was laid out and maintained by the abutters thereon for the benefit of all their lots, which extended to the centre of the passageway. The land formerly belonged to the city of Boston, which reserved the right to lay a sewer through the whole of

such passageway, and which for many years had kept the same clear, though it always claimed that it was not its duty to do so, and ceased to do so in the spring of 1891. *Held*, that an ordinance forbidding an abutter to allow filth to remain on that part of the passageway adjoining his land was not unreasonable and indefinite, and that it was no defence to a complaint for the violation thereof, that the defendant was required to remove matter which he had no agency in depositing in the passageway, or to do what he would not be obliged to do if he did not own land abutting on such passageway; or that the ordinance omitted to provide a time beyond which the filth should be allowed to remain; or that it required the defendant to do in part the work which the city had formerly done; or that another ordinance forbade the defendant from removing filth or refuse matter through the streets without a permit from the board of health, it appearing that such removal was intrusted by still another ordinance to the sanitary police; or that the complaint did not set out any of the defendant's right to use the passageway.

Cities and towns may adopt ordinances and by-laws for the preservation and promotion of the health of their inhabitants as an exercise of the police power.

The reasonableness or sufficiency of an ordinance or by-law is not to be tested always by its application to extreme cases.

COMPLAINT to the Municipal Court of the city of Boston, under chapter 49, section 25, of the Revised Ordinances of 1890, that the defendant, being the owner of a lot of land abutting on a private passageway which he had the right to use, suffered certain filth " to remain on that part of said passageway abutted by and adjoining said land." The ordinance is as follows: " No owner or occupant of land abutting on a private passageway, and having the right to use such passageway, shall suffer any filth, or waste or stagnant water, to remain on that part of the passageway adjoining such land."

The defendant moved to quash the complaint, on the grounds that it did not set out any violation of or offence under the ordinance; that it contained no allegation of the length of time the filth had been suffered to remain by the defendant; and that it did not set out any of the defendant's right to use the passageway. The court overruled the motion; and the defendant alleged exceptions.

The case was then submitted, upon a statement of facts agreed upon, which, so far as material, appears in the opinion.

The defendant requested the judge to instruct the jury that the ordinance was unreasonable and indefinite, and that it imposed duties which the defendant lawfully could not be required to perform.

The judge declined to give the rulings, and directed the jury

to bring in a verdict of guilty, and the defendant alleged exceptions.

*G. D. Bigelow*, (*D. C. Linscott* with him,) for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

MORTON, J.   It is plain that the general object of the ordinance is to promote the health of the inhabitants of Boston. By the Pub. Sts. c. 27, § 15, towns may make by-laws for preserving peace and good order within their limits ; and by the St. of 1854, c. 448, § 35, the city council of Boston is given the " power to make all such needful and salutary by-laws or ordinances . . . as towns . . . have power to make and establish." By the Pub. Sts. c. 28, § 2, it is also provided that " chapter twenty-seven . . . shall apply to cities so far as . . . not inconsistent with the general or special provisions relating thereto ; and cities shall be subject to the liabilities, and city councils shall have the powers, of towns."   The power of cities and towns to adopt ordinances and by-laws for the preservation and promotion of the health of their inhabitants has often been upheld as an exercise of the police power, and is one of their most necessary and salutary powers.   *Vandine, petitioner,* 6 Pick. 187. *Commonwealth* v. *Curtis*, 9 Allen, 266.   *Commonwealth* v. *Patch*, 97 Mass. 221.   Dillon, Mun. Corp. § 369.

The defendant in the present case contends, however, that the ordinance in question is unreasonable and indefinite, and that it imposes duties which he lawfully cannot be required to perform.   It appears from the agreed facts, which form a part of the exceptions, that at the time of the complaint, and for a long time prior, the defendant was and had been the owner of a lot of land on Leverett Street, which in the rear abutted on and extended to the centre of a private passageway about four feet wide, which ran northerly and southerly about two hundred and twenty-four feet, between other premises fronting on Leverett and Wall Streets, and which was connected with Wall Street through another private passageway, also about four feet wide. These passageways were laid out and maintained by the abutters thereon for the benefit of all the lots.   The land formerly belonged to the city of Boston, which reserved the right to lay a sewer through the whole of said passageway, and which for

many years had kept the passageways clear, though always claiming that it was not its duty to do so, but ceased to do it in the spring of 1891, when the street department was reorganized. It is a matter of common observation that there are many such passageways in the city of Boston as the one thus described, and we see nothing unreasonable in an ordinance which forbids those who own or occupy lands abutting on them, and who have the right to use them, to allow filth to remain on that part of them adjoining the lands of such owners or occupants. It is analogous to an ordinance requiring owners or occupants to clear the snow from sidewalks adjoining their respective houses or lands. *Goddard, petitioner,* 16 Pick. 504. In *Pierce* v. *Bartrum,* 1 Cowp. 269, a by-law of the city of Exeter, which provided, among other things, that no person within the walls should keep "any stinking filth, garbage, or annoyance within his house, curtilage, or backside," was held good, although, it is true, the point now raised was not before the court. It is for the benefit of the owners and occupants of lands abutting on private passageways and who have the right to use them, as well as to the advantage of the public health, that the ways should be kept free from filth; and the fact that in order to keep them free from filth such owners and occupants may be obliged to remove matter which they had no agency in depositing there, or to do what they would not be obliged to do if they did not own or occupy land abutting on the private passageway, and have the right to use it, does not render the ordinance unreasonable, or impose upon the owner or occupants duties which they lawfully cannot be required to perform. *Goddard, petitioner, ubi supra.*

No doubt, as argued by the defendant, the object of the city council in passing the ordinance was to compel the removal of the filth from passageways; but it could accomplish that as well by making it penal to suffer filth to remain there as by a direct provision that it should be removed; and we see nothing indefinite in such a provision, or in the omission to provide a time beyond which the filth should not be allowed to remain. The words "suffer . . . to remain" imply an opportunity to remove, and a failure to do so. Thereupon, the offence becomes complete. It needs no argument to show that, if the city had kept the passageways clear for many years under protest, that

fact is no defence if the ordinance requires the defendant to do the work which the city has done. Nor is it any defence that another ordinance forbids the defendant to remove filth or refuse matter through the streets without a permit from the board of health. If there were no other way of removing the filth except through the streets, which the defendant was forbidden to do, there would be more force in the defendant's objection. But it does not appear that there is not. Indeed, it appears that there is an ordinance making it the duty of the sanitary police, as they are called, to remove all " noxious refuse substances from yards and areas, when so placed as to be easily removed." Revised Ordinances of Boston of 1890, c. 19.

The facts in the present case find that the defendant owned to the centre of the way, and had a right to use the passageway as a way, and that at the time of making the complaint there was, and had been for some time, filth upon that part of the passageway abutting and adjoining his land. It is immaterial how the filth came there. The ordinance made it his duty not to suffer it to remain, and he was bound at his peril to see that it did not stay there. *Commonwealth* v. *Curtis*, 9 Allen, 266. The reasonableness or sufficiency of an ordinance or by-law is not to be tested always by its application to extreme cases. *Commonwealth* v. *Plaisted*, 148 Mass. 375, 382. Perhaps a proper construction of it might not admit of their being included within it. We think that in the present case the ordinance is not unreasonable, or indefinite, or oppressive, and that it imposes nothing on the defendant which he may not lawfully be required to do.

Of the various grounds contained in the motion to quash, the defendant has argued only three; viz. that the complaint does not set out any violation of or offence under the ordinance ; that it contains no allegation, as it ought, of the length of time the filth had been suffered to remain by the defendant; and that it does not set out any of the defendant's right to use the passageway. The first two are disposed of by considerations already adverted to. As to the third, it is sufficient, we think, to say, that the evident purpose of the statute was to provide that owners or occupants of lands abutting on a private passageway, and having a right to use the passageway as and for a way, should

not suffer filth to remain in it. The liability is limited to those owning lands abutting on the passageway, and having a right to use the way. The language of the complaint follows the language of the ordinance, and we think it plainly means that the defendant had the use of the passageway as a passageway would be used ordinarily, — i. e. as and for a way, not to swing blinds or project awnings over, — and therefore includes all the facts necessary to constitute the offence. *Commonwealth* v. *Barrett*, 108 Mass. 302. Whether the right of the defendant to use the way was appurtenant to the land belonging to him or not was immaterial, and therefore no allegation concerning the nature of the defendant's right was necessary in the complaint. The city lawfully could adopt an ordinance which made it penal for one owning or occupying land on private passageways, and having an easement of way over the passageway, to suffer filth to remain on that part of the way adjoining such land. Clearly, the owner or occupant would have the right to remove obstructions from the way, or to repair that portion of it, and we see no difficulty in holding that the city may provide that he shall not suffer any filth to remain there.                *Exceptions overruled.*