C. Beck Company, Appellant, vs. City of Milwaukee, Respondent.

*February 16—May 11, 1909.*

*Municipal corporations: Charter authority: Ordinances: Constitutional law: Class legislation: Violation of ordinances: Enforcement: Exercise of power to pass ordinances: Construction of ordinances: Delegation of legislative power: Exercise of delegated powers: "Beach:" "Shore:" Injunction: Grounds: Navigable waters: Lands under water: Ownership.*

1. An ordinance of the city of Milwaukee designed to protect its harbor by prohibiting the removal of stone, sand, or earth from the beach or from the water within 300 feet of high-water mark, along the shore of Lake Michigan between the northern and southern limits of the city, is authorized by charter provisions granting the city the right "to preserve the harbor, to prevent any use of the same or any act in relation thereto tending in any degree to fill up or obstruct the same."

2. Such ordinance is valid municipal legislation as to portions of the beach of Lake Michigan taken into Milwaukee by extension of its boundaries after the passage of such charter.

3. An ordinance of the city of Milwaukee which prohibits under penalty the removal of stone, sand, or earth from the beach or from the water within 300 feet of high-water mark, along or near the shore of Lake Michigan between the northern and southern limits of the city, is not objectionable as class legislation.

4. The violation of a city ordinance which does not make such violation criminal, but provides a penalty, is not a misdemeanor.

and recovery of the penalty is by a civil action under the ordinance.

5. While the power of a municipal corporation to pass ordinances must be reasonably exercised, within the field delegated it may go to the boundaries of reason, and within that field its discretionary power is supreme.

6. Municipal ordinances must receive a reasonable construction in the light of the purpose of their enactment; and, where they are capable of a construction that will carry out their manifest purpose, such construction must be adopted.

7. The legislature may, for public purposes, delegate legislative power to a municipality to protect its harbors.

8. In the exercise of delegated legislative powers, a municipality having power to protect its harbors may prohibit the removal of materials below ordinary high-water mark when such removal may be injurious to the harbor.

9. A municipal ordinance which prohibits under penalty the removal of stone, sand, or earth from the beach or from water within 300 feet of high-water mark, along or near a navigable lake between the limits of the municipality, does not assume to prohibit interference above high-water mark, but prohibits the removal of such materials from the beach or from the water within 300 feet of high-water mark, along or near the shore of the lake; the word "beach" being synonymous with "shore"— that portion between ordinary high-water and low-water mark.

10. Under a valid municipal ordinance prohibiting under penalty the removal of material from the beach or from water within 300 feet of high-water mark, along or near a navigable lake, threats by the municipality to prevent an owner from removing material above high-water mark do not justify an injunction restraining the municipality from enforcing such ordinance.

11. Where a city has power under its charter to protect its harbor, defined so as to include frontage on a navigable lake to a distance of one mile from the shore, an ordinance prohibiting the removal of material from the beach or from the waters within 300 feet of high-water mark along the shore does not infringe private rights of riparian owners.

12. The title to the bed of Lake Michigan below ordinary high-water mark is in the state.

MARSHALL, J., dissents.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from an order dissolving a temporary

injunction. The action was brought to restrain the defendant city of *Milwaukee* from enforcing an ordinance which prohibits under penalty the removal of "stone, sand, or earth from the beach or from the water within 300 feet of high-water mark, along or near the shore of Lake Michigan between the extreme northern limit and extreme southern limit of the city." The complaint charges that the ordinance is void and that the defendant city threatens to enforce it to the injury of plaintiff; that plaintiff is the owner of certain lots and in possession of other land which abuts on Lake Michigan; and that the beach of said lake is a portion of said lots, and that there accumulates on said lots above high-water mark sand, stone, and gravel which is valuable. The complaint also alleges that the defendant threatens to prosecute plaintiff for taking materials from the beach on the lots in question above high-water mark. The prayer is to the effect that the ordinance be declared void and that the defendant city be enjoined from enforcing or attempting to enforce it, and from making any complaint thereunder, and from prosecuting any proceedings against this plaintiff or its agents, servants, or employees by reason of any alleged act in contravention of said ordinance; that pending this action, and until the further order of the court, the said defendant, its agents, servants, attorneys, and employees may be temporarily enjoined and restrained from enforcing said ordinance or from commencing or prosecuting any complaint or proceeding against the plaintiff, or its agents, servants, or employees for any alleged act in contravention of said ordinance, and that this plaintiff may have its costs and disbursements and such other further judgment, order, or relief in the premises as may be just and equitable.

Upon this complaint an order was made enjoining and prohibiting the city of *Milwaukee,* its agents, servants, attorneys, and employees from enforcing the ordinance referred to, and from commencing or prosecuting any complaint or proceed-

ing against the plaintiff, its agents, servants, or employees for any alleged act in contravention of said ordinance. Defendant answered, denying that plaintiff will be in any way injured by the enforcement of the ordinance, and setting up, in effect, that the acts of the defendant threatened are necessary for the protection of the shore line and uplands and the streets of the city from encroachment by the waters of the lake and preservation of the streets and private property from destruction, and specifically denied that the plaintiff had been confining its operations to the land above high-water mark, but below and at the foot of public streets touching the shore along the beach in question.

Upon motion to dissolve the temporary injunction certain affidavits were used, and a stipulation to the effect that affidavits in another action pending might also be considered, and it appears that on the showing made upon the motion to dissolve there was a dispute as to the shore line and whether the plaintiff was in fact taking sand and material from below high-water mark and doing injury to the beach below high-water mark. The court dissolved the temporary injunction and the plaintiff appealed from the order.

For the appellant there was a brief by *Kronshage, McGovern, Goff, Fritz & Hannan,* attorneys, and *Walter D. Corrigan,* of counsel, and oral argument by *Guy D. Goff.* They contended, *inter alia,* that an ordinance not warranted by the charter is void and can furnish no justification to persons acting under its authority. *Greensboro v. Ehrenreich,* 80 Ala. 579; *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 351; *Morgenroth v. Milwaukee,* 125 Wis. 663, 669; *Eastern Wis. R. & L. Co. v. Hackett,* 135 Wis. 464, 115 N. W. 376, 381; *Ellinwood v. Reedsburg,* 91 Wis. 131, 133, 134; *Hayes v. Appleton,* 24 Wis. 542; *Barling v. West,* 29 Wis. 307; *Brooklyn v. Furey,* 30 N. Y. Supp. 349; *Madison v. Mayers,* 97 Wis. 399; *State ex rel. Garrabad v. Dering,* 84 Wis. 585; *Tilly v. Mitchell & L. Co.* 121 Wis. 1; *LeFeber v. West Allis,*

119 Wis. 608, 97 N. W. 203; *Austin v. Austin City C. Asso.* 87 Tex. 330; *Mugler v. Kansas,* 123 U. S. 623, 661; *People v. Armstrong,* 73 Mich. 288, 41 N. W. 275; *Miller v. Burch,* 32 Tex. 208; *State ex rel. Wis. Tel. Co. v. Sheboygan,* 111 Wis. 23, 38; *Taylor v. Griswold,* 14 N. J. Law, 222. The ordinance in question is not justified under the police power. *Luther v. Borden,* 7 How. 1; *In re Wilshire,* 103 Fed. 620, 622; *Chicago v. O'Brien,* 111 Ill. 532; *State v. Redmon,* 134 Wis. 89, 114 N. W. 137; *Marbury v. Madison,* 1 Cranch, 137; *State ex rel. Adams v. Burdge,* 95 Wis. 390, 398, 70 N. W. 347, 349, 37 L. R. A. 157, 60 Am. St. Rep. 123. The ordinance in question is not due process of law. It seeks to limit or restrain the plaintiff in the use of its own property. To pass a law depriving a person of this right without compensation is to deprive him of his property without due process of law. *Eaton v. B. C. & M. R. Co.* 51 N. H. 504; *Wynehamer v. People,* 13 N. Y. 378; *People v. Kerr,* 37 Barb. 357; *State v. Loomis,* 115 Mo. 307; *Comm. v. Perry,* 155 Mass. 117; *In re Jacobs,* 98 N. Y. 98; *People v. Gillson,* 109 N. Y. 389; *Millett v. People,* 117 Ill. 294; *Ritchie v. People,* 155 Ill. 98; *Janesville v. Carpenter,* 77 Wis. 288; *Holden v. James,* 11 Mass. 396, 6 Am. Dec. 174; *Bull v. Conroe,* 13 Wis. 233; *Durkee v. Janesville,* 28 Wis. 464, 9 Am. Rep. 500; *Calder v. Bull,* 3 Dall. 386, 387, 388; *Delaplaine v. C. & N. W. R. Co.* 42 Wis. 214; *Passaic v. Paterson B. P., A. & S. P. Co.* 72 N. J. Law, 285; *Comm. v. Boston A. Co.* 188 Mass. 348; *In re Kelso,* 147 Cal. 609, 82 Pac. 241; *Huber v. Merkel,* 117 Wis. 355; *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530; *Bland v. People,* 32 Colo. 319, 76 Pac. 359; *Slaughter-House Cases,* 16 Wall. 36, 21 L. Ed. 394; *In re Scrip Bill,* 23 Colo. 504, 48 Pac. 512; *Block v. Schwartz,* 27 Utah, 387, 76 Pac. 22; *Bank v. Divine G. Co.* 97 Tenn. 603, 37 S. W. 390; *People ex rel. Manhattan S. Inst. v. Otis,* 90 N. Y. 48; *State v. Goodwill,* 33 W. Va. 179, 25 Am. St. Rep. 863, 10 S. E. 285, 6 L. R. A. 621; *State v.*

*Loomis,* 115 Mo. 307, 22 S. W. 350, 21 L. R. A. 789; *People v. Gillson,* 109 N. Y. 389, 4 Am. St. Rep. 465, 17 N. E. 343; *Butchers' U. S. H. & L. S. Co. v. Crescent City L. S. L. & S. H. Co.* 111 U. S. 746, 4 Sup. Ct. 652, 28 L. Ed. 585. The ·ordinance in question is open to the criticism of class legislation in that it does not refer to all owners of city lots as a class, but relates only to those who own lots along or near the lake shore between the extreme northern and southern limits of the city. *State ex rel. Kellogg v. Currens,* 111 Wis. 431; *State v. Evans,* 130 Wis. 381, 385; *Atchison, T. & S. F. R. Co. v. Matthews,* 174 U. S. 96, 104; *Servonitz v. State,* 133 Wis. 231, 113 N. W. 277, 279; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 54, 98 N. W. 954; *Barbier v. Connolly,* 113 U. S. 27.

For the respondent there was a brief by *John T. Kelly,* city attorney, and *Walter H. Bender,* assistant city attorney, of counsel, and oral argument by *Mr. Bender.* They contended, *inter alia,* that in this particular case the vacation rather than the continuance of the temporary injunction operated to preserve the *status quo.* *Valley I. Works Mfg. Co. v. Goodrick,* 103 Wis. 436, 444, 445; *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 486; *Quayle v. Bayfield Co.* 114 Wis. 108, 113; *Bartlett v. L. Bartlett & Son Co.* 116 Wis. 450, 460; *DePauw v. Oxley,* 122 Wis. 656, 659. The ·defendant city possesses the following powers: *First,* those granted in express words; *second,* those necessarily or fairly implied in or incident to the powers expressly granted; *third,* those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. 1 Dill. Mun. Corp. (4th ed.) sec. 89; *Trester v. Sheboygan,* 87 Wis. 496, 498, 499; *Becker v. La Crosse,* 99 Wis. 414, 417; *State ex rel. Wis. Tel. Co. v. Sheboygan,* 111 Wis. 23. The ordinance in question is not class legislation, since there must exist a real class before there can be created a legislative class. *Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37; *Adams v. Beloit,*

105 Wis. 363; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 436; *Black v. State,* 113 Wis. 205, 219; *State ex rel. Zillmer v. Kreutzberg,* 114 Wis. 530, 549; *Huber v. Merkel,* 117 Wis. 355, 366; *State ex rel. Risch v. Trustees,* 121 Wis. 44, 51; *Bingham v. Milwaukee Co.* 127 Wis. 344; *State v. Evans,* 130 Wis. 381, 385; *Lawton v. Steele,* 152 U. S. 133. The ordinance does not make a crime of an innocent act. It is not a criminal or *quasi*-criminal ordinance. Its violation is not a misdemeanor. It simply gives the respondent city the right to recover the prescribed penalty in a civil action brought for that purpose. *State v. Hayden,* 32 Wis. 663, 669; *Boscobel v. Bugbee,* 41 Wis. 59, 64; *Platteville v. Bell,* 43 Wis. 488, 491; *State v. Smith,* 52 Wis. 134; *Platteville v. McKernan,* 54 Wis. 487–489; *Oshkosh v. Schwartz,* 54 Wis. 483, 487; *Chafin v. Waukesha Co.* 62 Wis. 463, 466, 467; *State v. Grove,* 77 Wis. 448, 450, 451; *State ex rel. Hamilton v. Municipal Court,* 89 Wis. 358, 361, 362; *Milwaukee v. Simons,* 93 Wis. 576, 577; *Milwaukee v. Weiss,* 93 Wis. 653, 654; *State ex rel. Milwaukee v. Newman,* 96 Wis. 258, 265, 266; *Ogden v. Madison,* 111 Wis. 413, 421, 428, 429; *State ex rel. Dunlap v. Nohl,* 113 Wis. 15, 24; *Stoltman v. Lake,* 124 Wis. 462, 464, 466; *Olson v. Hawkins,* 135 Wis. 394, 116 N. W. 18, 19. The ordinance in question, whether viewed as legislation under express charter authority or as an exercise of the police power, is reasonable. *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 351; *Hayes v. Appleton,* 24 Wis. 542; *Barling v. West,* 29 Wis. 307, 315; *Clason v. Milwaukee,* 30 Wis. 316; *Atkinson v. Goodrich T. Co.* 60 Wis. 141, 160; *LeFeber v. West Allis,* 119 Wis. 608, 613, 614; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 10; *Eastern Wis. R. & L. Co. v. Hackett,* 135 Wis. 464, 115 N. W. 376, 381; *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885, 888; McQuillan, Mun. Ord. 297, sec. 186; *State v. Sheppard,* 64 Minn. 287, 36 L. R. A. 305, 307; *Nicoulin v. Lowery,* 49 N. J. Law, 391, 8 Atl. 513; *Skinker v. Heman,*

64 Mo. App. 441, 449; *Heman v. Ring,* 85 Mo. App. 231, 235; *Comm. v. Cutter,* 156 Mass. 52, 29 N. E. 1146, 1147; *Comm. v. Plaisted,* 148 Mass. 375, 19 N. E. 224, 226; *Pa. R. Co. v. Jersey City,* 47 N. J. Law, 286, 288; *Rahway G. Co. v. Rahway,* 58 N. J. Law, 510, 34 Atl. 3; *Anderson v. State* (Neb.) 96 N. W. 149; *State v. Redmon,* 134 Wis. 89.

The following opinion was filed March 9, 1909:

KERWIN, J.    It is contended by appellant that the defendant city had no power under the charter to pass the ordinance in question; that it is oppressive and unreasonable, in derogation of the common law and common right, and offends against the federal and state constitutions.    The obvious purpose of the ordinance is to protect the harbor on Lake Michigan.    This authority is clearly conferred by the city charter, which expressly grants to the city authority "to preserve the harbor, to prevent any use of the same or any act in relation thereto . . . tending in any degree to fill up or obstruct the same."    It also authorizes the common council to prevent the incumbering of streets and alleys in any manner and to protect them from encroachment or injury.    There can be no doubt but that the city had power to pass the ordinance in question.    *Clason v. Milwaukee,* 30 Wis. 316.    It is claimed by appellant that because the beach in question was taken into the city of *Milwaukee* by extension of its boundaries after the passage of the charter in 1874, which contained the provision respecting the protection of the harbor above referred to, such authority delegated to the city only extends to the corporate limits embraced within the limits of the city in 1874.    It is clear from other provisions of the city charter respecting extension of boundaries, as well as sec. 1, ch. 9, of the charter of the city of *Milwaukee,* which includes in the harbor of the city the lake frontage to a distance of one mile from the shore, that this position is untenable.    Nor do we think the ordinance is objectionable as class legislation, under

the repeated decisions of this court. *State v. Whitcom,* 122 Wis. 110, 99 N. W. 468; *Black v. State,* 113 Wis. 205, 89 N. W. 522. We need not rest upon the general welfare clause of the charter or upon implied power for authority to pass the ordinance, since express authority to protect the harbor is granted by the charter, and we find nothing in the ordinance, when properly interpreted, in conflict with the state or federal constitutions or any law of the state. And while there is abundance of authority, from early times down to the present, upholding the power of municipalities to protect by proper regulations their harbors, we need not go outside of the decisions of this court upon the subject. *Clason v. Milwaukee, supra,* is directly in point, so far at least as the power of the city to pass such ordinance is concerned. The operation of the ordinance is plainly confined to the beach and such distance into the water as is necessary for the protection of the harbor and does not in terms infringe private rights. It does not make the violation of it a criminal offense, but provides a penalty for its violation. Its violation is not a misdemeanor. Recovery of the penalty is by civil action under the ordinance. *Stoltman v. Lake,* 124 Wis. 462, 102 N. W. 920; *Koch v. State,* 126 Wis. 470, 106 N. W. 531; *Olson v. Hawkins,* 135 Wis. 394, 116 N. W. 18. It is true that the power of a city to pass ordinances must be reasonably exercised, but within the field delegated it may go to the boundaries of reason, and within that field its discretionary power is supreme. *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 85 N. W. 1036. The city in passing the ordinance in question being within its power to pass ordinances for the protection of the harbor, we think the question is ruled by *Clason v. Milwaukee, supra,* and the ordinance valid.

Of course ordinances must receive a reasonable construction in the light of the purpose of their enactment, and if they are capable of a construction which will carry out the manifest purpose of the enactment such construction must

be given them. The ordinance in question cannot be construed as contended by appellant, namely, that it is unreasonable, because the taking of a handful of sand or a stone would violate it. This contention involves the construction of the ordinance and not the validity of it. The ordinance upon its face could not be held to embrace such a case, for it must receive a reasonable rather than an unreasonable construction. *Clason v. Milwaukee,* 30 Wis. 316; McQuillan, Mun. Ord. 297; *State v. Sheppard,* 64 Minn. 287, 67 N. W. 62; *Nicoulin v. Lowery,* 49 N. J. Law, 391, 8 Atl. 513; *Skinker v. Heman,* 64 Mo. App. 441; *Comm. v. Cutter,* 156 Mass. 52, 29 N. E. 1146; *In re Anderson,* 69 Neb. 686, 96 N. W. 149. The delegation of authority to the city to protect its harbor being for a public purpose and the exercise of it reasonable, the ordinance is valid. *LeFeber v. West Allis,* 119 Wis. 608, 97 N. W. 203; *Eastern Wis. R. & L. Co. v. Hackett,* 135 Wis. 464, 115 N. W. 376. The legislature has power to confer upon the defendant city, for public purposes, the right to protect the harbor, and the city in the exercise of such delegated authority was clothed with power to prohibit the removal of material below ordinary high-water mark when such removal was injurious to the harbor. This is all the city attempts to do, by a fair construction of the ordinance. Whether it would have the right to regulate the use of the land above ordinary high-water mark or interfere with private rights without making compensation and against the will of the abutting owners we need not consider, because the ordinance does not cover such a case.

It was held in *Mears v. Dole,* 135 Mass. 508, that an abutting owner could not excavate on his own land in such manner as to let in the sea, which undermined and injured adjoining land of another, without liability to the persons so injured. So, also, *Freeland v. Pa. R. Co.* 197 Pa. St. 529, 47 Atl. 745. But since the case is here only on the order dissolving the temporary injunction, we do not regard it ad-

visable to lay down rules of law respecting questions of fact not before us. It is sufficient for the purposes of this case to determine that the ordinance is valid and under it the city has the right to prevent injurious interference with the beach. The ordinance does not assume to prohibit interference above high-water mark, and whether the plaintiff was removing sand and material below high-water mark seems to have been a disputed question on the hearing to dissolve the injunction. Of course if the plaintiff was not, but confined its operations to land above high-water mark, the ordinance did not reach it, and no case was made to restrain its enforcement. The ordinance prevents the removal of stone, sand, or earth from the beach or from the water within 300 feet of high-water mark along or near the shore of Lake Michigan. Clearly the authority of the city under the power delegated extended at least to ordinary high-water mark, and so the city was within its rights in passing the ordinance. The temporary injunction absolutely enjoined the enforcement of the ordinance, and enjoined defendant from commencing or prosecuting any complaint, or proceeding against the plaintiff for any alleged act in contravention of the ordinance. So we think it clear that the order dissolving the temporary injunction was right. It is true that the plaintiff claimed in its complaint and also upon the hearing to dissolve the injunction that the city, its agents and servants, threaten to prevent it from removing sand and material above high-water mark. But such claim or pretense was no justification for restraining the city from the enforcement of a valid ordinance which authorized the prevention of removal of sand and material from below ordinary high-water mark. The beach as designated in the ordinance is synonymous with shore, and must be held to mean that portion of the shore of the lake between ordinary high and low-water mark. *Elliott v. Stewart,* 15 Oreg. 259, 14 Pac. 416; *Storer v. Freeman,* 6 Mass. 435; *Cutts v. Hussey,* 15 Me. 237; *Trustees of East*

*Hampton v. Kirk,* 68 N. Y. 459; *Littlefield v. Littlefield,* 28
Me. 180.   As to the meaning of the term "high-water mark,"
see Gould on Waters, § 45; *Carpenter v. Comm'rs of Henne-
pin Co.* 56 Minn. 513, 58 N. W. 295; *Houghton v. C., D. &
M. R. Co.* 47 Iowa, 370; 1 Bouv. Law Dict. 947.

It is alleged in the complaint that the defendant threatened
to prevent the removal of sand and material above high-water
mark; but, even if the city did so threaten, such acts were
not within the ordinance and afforded no ground for restrain-
ing the proper execution of it.   So if the plaintiff could
maintain an action in equity against the city to prevent in-
terference with its property above ordinary high-water mark,
it must be independent of the ordinance and without any re-
lation to it.   Hence such a case, even if made, would afford
no grounds for restraining the enforcement of the ordinance.
The showing is ample that the removal of sand and material
from the beach would be injurious and that the prevention of
it is plainly within the delegated power of the city.   The
title to the bed of the lake below ordinary high-water mark
is in the state.   *Delaplaine v. C. & N. W. R. Co.* 42 Wis.
214; *Diedrich v. N. W. U. R. Co.* 42 Wis. 248.   The private
rights of plaintiff are therefore not infringed.   If the ordi-
nance extended in its operation above high-water mark and
upon the land and fee of the plaintiff, a different question
would be presented and the authorities cited would be perti-
nent.   We are therefore of opinion that the ordinance is
valid and that the order dissolving the injunction was right
and should be affirmed.

*By the Court.*—It is so ordered.

MARSHALL, J. (*dissenting*).   We have an anomalous situ-
ation in the actions of *Damman v. Milwaukee* [*post,* p. 356]
and *C. Beck Co. v. Milwaukee* [*ante,* p. 340].   The opinion
of the court is the same in each case.   What I say in one ap-
plies to the other.   Except as specially stated my references

will be to the last case mentioned.  Plaintiff commenced the action to prevent the defendant from interfering with its operations, on its own land, above the line of ordinary high-water mark of Lake Michigan.  The ordinance, in terms, prohibits any person from removing or carrying away any stone, sand, or earth from the beach or from the water within 300 feet of high-water mark of the lake, within certain limits which includes the shore line of plaintiff's premises.

The meaning of the term "beach" as construed by respondent is, that it extends above the shore line including flats not at any time covered by ordinary water.  That was accepted by appellant.  The latter insisted upon using its land above the ordinary high-water mark line, regardless of the ordinance, and respondent insisted it should not.  Appellant contended the ordinance was void, only upon the theory that its scope was as claimed by respondent.  The whole controversy, as I understand it, was over whether respondent had a right, by virtue of the ordinance, to interfere with appellant's use of its land above the ordinary high-water mark.  Can there be any question about that?

We will answer the question propounded by quoting this language from the complaint in the *Damman Case:*

"The said city, its agents, servants, and attorneys, have given out and threatened and they do give out and threaten that they will cause to be arrested and fined the agents, servants, or employees of this plaintiff who may at any time be engaged in the removal or carrying away of any stone, sand, or earth from the beach on said lots *above high-water mark,* and that on March 15, 1908, the said defendant city, by its officers and agents, caused the arrest of two of the servants of this plaintiff, . . . upon a charge that . . . contrary to the provisions of said ordinance, had taken, removed and taken away stone, sand, and earth from the beach *above high-water mark* and on the lots above described . . . and threaten that they will . . . cause to be arrested and fined other agents, servants, and employees of this plaintiff who may remove earth, . . . from the beach on said lots *above high-water*

*mark.* . . . The removal of any stone . . . from such beach . . . *above high-water mark* would be and is without harm or injury to the said defendant," etc.

Thus it will be seen, there was no manner of complaint made of interference with appellant's operations, except above the line of *high-water mark.*

Neither the answer nor any of the papers in the injunction proceedings changed the situation. True, it is said in one of the papers that appellant has removed sand from below ordinary high-water mark, but the issue joined on complaint and answer is as to whether, under the ordinance, respondent was justified in pursuing appellant with a multiplicity of prosecutions for a multiplicity of acts of removing material from *above the line of ordinary high-water mark.*

If the injunction order had been limited in its scope, as it should have been, to that of the complaint, it would only have restrained the particular interferences alleged. It was made broader, evidently, because of the claim on one side and conceded on the other, for the purposes of the case, that the ordinance goes to the extent of controlling the use of lands above the line of ordinary high-water mark as well as for 300 feet below it. It was on that theory, and on that alone, that the validity of the ordinance was challenged on the one side and defended on the other.

Now the result as to the very thing which appellant contended for is that the ordinance, if it were to be construed as having been intended to prevent appellant from using its property above the line of high-water mark, would be, to that extent, void, and that, so far as respondent prosecuted appellant or its agents for using the property, it committed a remediable wrong, and, so far as it threatened to further interfere with such operations, its attitude was that of unlawful prejudicial menace. Does it not follow, under a familiar principle of equity jurisprudence, that it was competent for appellant to protect itself against the multiplicity of

unlawful interferences by invoking equity jurisdiction to that end, and, the case being reasonably clear, that it was entitled to temporary protection by an *interim* injunction, preserving the *status quo* till the termination of the litigation ?     I see no reason why not.

Notwithstanding such situation, merely because the ordinance, rightly construed, so as to restrict it to a field respecting which no complaint is made, is valid, appellant is condemned to pay full costs in this court and submit to a situation which will, naturally, lead to a dismissal of its action in the court below, with costs.     In other words, appellant, as to the real controversy, prevails, yet because, taking the respondent at its own false pretense as to the scope of the ordinance, it sought, incidental to protection of its right to use its property, to have the ordinance declared void, instead of to have it properly construed and interference outside thereof restrained, it must go out of court and be mulcted in costs in this and the lower court.

: True, if the situation were not one proper for equitable interference to prevent a multiplicity of suits; if the complaint, had it been only for injunctional relief, conceding the ordinance to affect only operations below the line of ordinary high-water mark, would not state facts sufficient to constitute a cause of action in equity, the result here would be right, but the hypothesis is false, on principle, and if there were some doubt about it, the doubt should, in this case, be resolved in favor of appellant, since sufficiency of the complaint is not challenged, but is rather conceded, respondent joining with appellant in an effort to have the real right of the matter decided in this case.

Counsel for respondent were challenged from the bench as to whether the sole controversy was not respecting the right of the city, under the ordinance, to prevent appellant from taking sand from his premises above the line of ordinary

high-water mark, and, after some hesitation, that was conceded.

If there were any doubt as to the competency of a court of equity to protect one from a multiplicity of groundless prosecutions, which in my opinion there is not, on principle, it would be solved in the affirmative by *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870, and *Joseph Schlitz B. Co. v. Superior,* 117 Wis. 297, 93 N. W. 1120.

Moreover the ordinance, as it has been construed by respondent, is a substantial cloud on appellant's title which it is competent for a court of equity to remove.

I have no doubt of the right of the city under its charter to protect the harbor proper, which extends outward from ordinary high-water mark. I do not see that the question was passed upon in *Clason v. Milwaukee,* 30 Wis. 316. My brethren refer to that as having settled the question, while as I read the decision the power was merely assumed for the purpose of the decision. In other states the matter has been directly passed upon, notably in *Comm. v. Tewksbury,* 11 Met. 55.

The reference in the opinion to *Mears v. Dole,* 135 Mass. 508, and *Freeland v. Pa. R. Co.* 197 Pa. St. 529, 47 Atl. 745, I fear is liable to mislead. They are authorities respecting the right of a property owner, in certain cases, to prevent another from using his land so as to impair such owner's premises. They do not deal with the right of the public, but cover an entirely different field from the one dealt with by the ordinance in question.

It would seem, in view of the foregoing, that the court below should have modified the injunctional order instead of setting it aside. The rule is that on a motion to vacate such an order, if it is only partly wrong, it should be modified accordingly. *A. H. Stange Co. v. Merrill,* 134 Wis. 514, 115 N. W. 116. So, my judgment is, that the proper disposi-

tion of the appeal is to modify the order complained of so as
to only prevent the respondent from enforcing the ordinance
by interfering with appellant's right to use its property above
the line of ordinary high-water mark, and to award appel-
lant costs in this court to the extent of clerk's fees, attorney's
fees, and a moderate amount for printing.

A motion for a rehearing was denied May 11, 1909.