STATE, Appellant, v. McDONALD LUMBER COMPANY, INC., Respondent.

*October 30—November 27, 1962.*

174

For the appellant the cause was argued by *Albert Harriman* and *Roy G. Tulane,* assistant attorneys general, with whom on the briefs was *John W. Reynolds,* attorney general.

For the respondent there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James Faulds, Raymond E. Evrard,* and *Joseph P. Holman.*

GORDON, J.   The appellant urges that in connection with its third and fourth causes of action the trial court erred in failing to enjoin the respondent's trespass upon the state's property and in failing to abate the continuation of a nuisance.  The success of the state's contentions is contingent upon its ability to establish with accuracy an old shoreline upon what is presently upland.

We are asked by the appellant to determine that a specific portion of the property occupied by the respondent is located upon the lake bed belonging to the state.  The state's title to the lake bed runs to a line which is called the "ordinary high-water mark." *C. Beck Co. v. Milwaukee* (1909), 139 Wis. 340, 351, 120 N. W. 293.  In seeking to prove its entitlement to injunctive relief, the state has undertaken to establish the location of the ordinary high-water mark.  The trial court concluded that the location of such ordinary high-water mark was not proved by the state, and we are unable to reject such conclusion as being against the weight of the evidence.

The term "ordinary high-water mark" has been defined in *Diana Shooting Club v. Husting* (1914), 156 Wis. 261, 272, 145 N. W. 816, as follows:

"By ordinary high-water mark is meant the point on the bank or shore up to which the presence and action of the water is so continuous as to leave a distinct mark either by erosion, destruction of terrestrial vegetation, or other easily recognized characteristic. *Lawrence v. American W. P. Co.* 144 Wis. 556, 562, 128 N. W. 440.  And where the bank or shore at any particular place is of such a character that it is impossible or difficult to ascertain where the point of ordinary high-water mark is, recourse may be had to other places on the bank or shore of the same stream or lake to determine whether a given stage of water is above or below ordinary high-water mark."

In lieu of a natural high-water mark, the appellant offered proof as to the average of the high-water level of the

Great Lakes as determined by the United States army corps of engineers for the period 1860–1959. Using that standard, the state fixes the high-water mark at 581 feet above sea level. The state urges that the 580-foot contour line reflected on plaintiff's Exhibit 51 can be used to show that the respondent is trespassing and committing a nuisance upon the state's land.

The trial judge, in his decision, stated the following:

"The third and fourth causes of action relate to nuisance and abatement thereof. Before a court can grant a remedy with respect to either in this action it is imperative that the area which constitutes the nuisance and its abatement must be established with reasonable certainty. Unless so established a judgment cannot be declared and equally important cannot be enforced by contempt or otherwise. . . . The burden of proof rests upon the plaintiff and it has failed to meet the burden with respect to the area within which fill constitutes a nuisance and the area within which the court by way of abatement could require the fill to be removed. . . . The court cannot indulge in speculation and conjecture as to what part, if any, of fill or warehouse footings constitutes a nuisance and what does not or what may be abated and what may not."

We conclude that the trial court was correct in its view as to the burden of proof. Further, the state has failed to persuade us that the court erred in its above-quoted evaluations of the evidence. The trier of fact was not obliged to adopt the 581-foot corps-of-engineers' figure, the 580-foot contour line, or even the respondent's own sketch of the area as reflected on plaintiff's Exhibit 20.

In view of our conclusion that the trial court did not err in refusing to adopt the state's proof as to the ordinary high-water mark, we do not reach the other issues raised as to the law of accretion.

The trial court was satisfied that the McDonald Lumber Company had illegally deposited fill along the westerly

boundary of the property. This finding is not necessarily inconsistent with the determination that the state failed to fix a line with sufficient clarity so as to support either a nuisance or a trespass action. Upon the respondent's motion to review this portion of the judgment, we find that the evidence sustains the judgment.

*By the Court.*—Judgment affirmed.